**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL G. BROWN,** | : | |
| | | **CIV. NO. 3:20-cv-0119** |
| **PETITIONER** | : | |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| | | |
| **UNITED STATES DEPARTMENT,** | : | |
| **OF HOMELAND SECURITY, *et al.*,** | | |
| | : | |
| **Respondents** | | |
| | : | |

**MEMORANDUM**

## I.   Background

Petitioner, a former civil detainee of the United States Department of Homeland Security ("DHS'), Immigration and Customs Enforcement ("ICE"), housed at the Clinton County Correctional Facility ("CCCF"), McElhattan, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges his continued detention by ICE, claiming that he is not removable in the foreseeable future because Jamaica will not issue a travel document. Id.

In addition, On April 9, 2020, Petitioner filed a motion to compel Respondents to release him, as well as a separate motion for temporary restraining order and permanent injunction, seeking release from the Clinton County Correctional Facility, due to the recent COVID-19 epidemic. (Docs.

14, 16). Specifically, Brown claims that he is not receiving proper treatment for his kidney issues, which make him very highly susceptible to COVID-19 and that the CCCF "cannot adequately respond" should a COVID-19 outbreak arise. Id.

By Memorandum and Order dated April 20, 2020, Brown's petition for writ of habeas corpus was denied, his motion to compel release and motion for temporary restraining order were denied and the Clerk of Court was directed to close the above captioned case. (Docs. 20, 21).

On April 24, 2020, Brown filed an appeal to the United States Court of Appeals for the Third Circuit. (Doc. 22).

On September 10, 2020, while his appeal was pending, the Government removed Brown to Jamaica.[1] Id. Based on his removal, the government filed a motion to dismiss Brown's appeal as moot. Id.

By Opinion dated October 27, 2020, the Court of Appeals, vacated this Court's April 20, 2020 Order that was under review and remanded the action for this Court to vacate its order on the merits and dismiss Brown's request for relief as moot. See Brown v. U.S. Department of Homeland Security, et al., No. 20-1883 (3d Cir. Oct. 27, 2020).

―――――――――――――

[1] Brown did not seek a stay of removal while his appeal was pending.

- 2 -

## II.   **Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody

before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas corpus petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005). Similarly, the deportation or removal of an alien also makes an immigration habeas corpus petition moot. See Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006).

In the instant case, because Brown has been released from custody, and there is no further relief available to him, his habeas petition has been rendered moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (finding that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case

- 4 -

must be dismissed as moot."). <u>See</u> <u>also</u> Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

III.    <u>Conclusion</u>

Based on the foregoing, and in accordance with the Third Circuit remand, this Court's April 20, 2020 Memorandum and Order, denying the petition on the merits, will be vacated, and the action will be dismissed as moot.  An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 30, 2020**
**20-0119-02**

- 5 -